1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRY ASHCROFT,<br><br>                                    Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, et al.,<br><br>                                    Defendants. | Case No. 24-cv-35-MMA (MMP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 10] |

11
12
13
14
15
16
17
18
19
20

21   Before the Court is Defendant Southern California Permanente Medical Group's
22  ("Defendant") motion to dismiss Plaintiff Sharry Ashcroft's ("Plaintiff") amended
23  complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. No.
24  10.  Plaintiff filed an opposition, Doc. No. 12, to which Defendant replied, Doc. No. 15.
25  The Court found the matter suitable for determination on the papers and without oral
26  argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.
27  *See* Doc. No. 17.  For the reasons set forth below, the Court **GRANTS in part** and
28  **DENIES in part** Defendant's motion to dismiss.

# I. Background[1]

Plaintiff worked for Defendant, a private health care organization, as a medical office assistant in San Diego, California.  Doc. No. 7 (First Amended Complaint, the "FAC") ¶¶ 3–4.  In early August 2021, after the start of the COVID-19 pandemic, Defendant issued a mandate requiring all employees to receive COVID-19 vaccinations or otherwise obtain a medical or religious exemption.  *Id.* ¶ 6. Failure to receive either the approved exemption or the vaccine would result in termination.  Doc. No. 10-8 (Declaration of Susan B. McInerney ("McInerney Decl.")), Exh. F at 3–4.[2]  Plaintiff submitted a request for religious exemption to the mandate, citing her Christian faith.  *Id.* Exh. B; FAC ¶ 7.  Plaintiff alleges that she "is a follower of the Christian faith;" "believes that her body belongs to God and is a temple of the Holy Spirit;" "believes that it is against her religion to ingest or inject her body with possible harmful substances;" and that her "faith strongly opposes injecting her body with the COVID-19 vaccine" because of her understanding that the manufacturers of the vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue in producing the vaccine.  FAC ¶¶ 8–11.  Plaintiff sums up her view by stating that she "held a deeply sincere religious objection to receiving the COVID-19 vaccine injection."  *Id.* ¶ 11.  On August 31, 2021, Defendant provisionally approved the exemption request.  *Id.* ¶ 14.

On October 12, 2021, Defendant requested additional information from Plaintiff regarding her request for a religious exemption.  *Id.* ¶ 15; McInerney Decl. Exh. D.  Plaintiff timely submitted her responses.  FAC ¶ 15.  On October 22, 2021, Defendant denied Plaintiff's exemption request.  *Id.* ¶ 16.

Soon after, Defendant informed Plaintiff that she was not incompliance with its COVID-19 policy and that she was therefore being placed on unpaid leave.  *Id.* ¶ 17.

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the amended complaint and construes them in the light most favorable to Plaintiff.  *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Defendant also informed Plaintiff that failure to comply with its vaccine policy by November 30, 2021, would result in termination of her employment. *Id.*

On or about January 10, 2022, Plaintiff was terminated from her employment for failure to comply with Defendant's vaccine policy. *Id.* ¶ 18. Plaintiff asserts that Defendant did not specify if Plaintiff's religious exemption form or her responses to the "additional information questions" was deficient, nor was she given "an opportunity to supplement her application and responses for any perceived deficiencies." *Id.* ¶ 19. Defendant also did not provide Plaintiff with "an interactive process . . . to discover if an accommodation or an alternative to the COVID-19 vaccine, such as PPE masking or submitting to regular COVID testing, would be available to meet [Plaintiff's] religious beliefs." *Id.*

Plaintiff filed her initial complaint on January 5, 2024. Doc. No. 1. Plaintiff filed the operative FAC on March 28, 2024. Doc. No. 7. Plaintiff's FAC contains the following six claims for relief: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for religious discrimination based on a failure to accommodate; (2) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for wrongful termination based on religion; (3) violation of Title VII of the Civil Rights Act of 1964 for disparate impact on the basis of religion, 42 U.S.C. § 2000e-2(a)(2) & (k)); (4) violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*, for discrimination and retaliation on the basis of religious creed; (5) violation of the California FEHA for failure to provide religious accommodation; and (6) violation of the California FEHA for disparate impact on the basis of religion. FAC ¶¶ 21–89.

As stated above, the pending motion to dismiss is fully briefed and ripe for decision.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the

1   complainant to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v.*

2   *Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in

3   order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond

4   the speculative level; a plaintiff must provide "more than labels and conclusions, and a

5   formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S.

6   at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, a

7   court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual

8   inferences in the light most favorable to the plaintiff.  *See Manzarek v. St. Paul Fire &*

9   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  A court is not required to accept

10  as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

11         When a motion to dismiss is granted, the court must decide whether to grant leave

12  to amend.  The Ninth Circuit has a liberal policy favoring amendments, and thus leave to

13  amend should be freely granted.  *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

14  655, 658 (9th Cir. 1992).  However, a court need not grant leave to amend when

15  permitting a plaintiff to amend would be an exercise in futility.  *See, e.g.*, *Rutman Wine*

16  *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

17  amend is not an abuse of discretion where the pleadings before the court demonstrate that

18  further amendment would be futile.").

19                         **III. REQUESTS FOR JUDICIAL NOTICE**

20         As an initial matter, Defendant requests this Court to take judicial notice of the

21  California Department of Public Health August 5, 2021 mandatory vaccination order for

22  healthcare workers.  *See* Doc. No. 10-1 at 2.  Plaintiff objects to the request because the

23  document "was not raised in [her FAC] nor relied on by Plaintiff in her claims against

24  Defendant."  Doc. No. 13.

25         While the scope of review on a motion to dismiss for failure to state a claim is

26  limited to the complaint, a court may consider evidence on which the complaint

27  necessarily relies if: "(1) the complaint refers to the document; (2) the document is

28  central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy

1  attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998

2  (9th Cir. 2010) (internal quotation marks and citations omitted).  In addition, judicial

3  notice of information available online is appropriate if "it was made publicly available by

4  [a] government entit[y] . . . and neither party disputes the authenticity of the websites or

5  the accuracy of the information displayed therein." *Id.* at 998–99.

6  Courts have found it appropriate to grant requests for judicial notice of government

7  documents related to the COVID-19 pandemic, made publicly available via a government

8  website.  *See Calm Ventures LLC v. Newsom*, 548 F. Supp. 3d 966, 974 (C.D. Cal. 2021);

9  *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 3:08-cv-01166-WVG, 2009 WL

10  6597891, at *2 (S.D. Cal. Dec. 23, 2009).  Given the above and because Plaintiff does not

11  object to the authenticity of the exhibit, the Court **GRANTS** Defendant's request for

12  judicial notice.

13  Plaintiff also requests this Court to take judicial notice of another lawsuit against

14  Defendant alleging religious discrimination, in order to prove disparate impact upon a

15  group, rather than discrimination against a single individual.  *See* Doc. Nos. 12 at 23; 14

16  at 3.  However, this Court cannot take judicial notice of the truth of facts in other cases

17  and incorporate the allegations there into Plaintiff's pleading.  *See Dunbar v. Walt Disney*

18  *Co.*, No. CV 22-1075-DMG (JCX), 2022 WL 18357775, at *2 (C.D. Cal. July 25, 2022).

19  Therefore, the Court **DENIES** Plaintiff's request for judicial notice.

20  **IV. D**ISCUSSION

21  **A.      Failure to Accommodate/Religious Discrimination (Claims 1 & 5)**

22  Plaintiff's first and fifth causes of action are failure to

23  accommodate/discrimination-based claims under Title VII of the Civil Rights Act of

24  1964 ("Title VII") and California's FEHA.  FAC ¶¶ 21–32, 54–78.

25  Title VII prohibits an employer from discriminating against any employee or job

26  applicant on the basis of religion.  42 U.S.C. § 2000e-2(a).  Title VII religious

27  discrimination claims have a two-part framework, *Heller v. EBB Auto. Co.*, 8 F.3d 1433,

28  1438 (9th Cir. 1993), which courts evaluate FEHA claims under as well.  *See Keene v.*

1   *City & Cnty. of S.F.*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. 2023).  First, the

2   employee must establish their three-part *prima facie* case and prove: (1) the employee

3   had a bona fide religious belief, the practice of which would conflict with an employment

4   duty; (2) the employee informed their employer of the belief and conflict; and (3) the

5   employer threatened or subjected the employee to discriminatory treatment because of

6   the employee's inability to fulfill the job requirements.  *Keene*, 2023 WL 3451687, at *1;

7   *see also Heller*, 8 F.3d at 1438.  Second, if the employee makes out their *prima facie*

8   case, the burden shifts to the employer to prove that they initiated good faith efforts to

9   accommodate the employee's religious practices.  *Heller*, 8 F.3d at 1438.

10        Whether the employee's belief is bona fide depends on whether it is: (1) sincerely

11   held and (2) religious, in the employee's scheme of things.  *Africa. v. Commonwealth of*

12   *Pa.*, 662 F.2d 1025, 1030 (3d Cir. 1981).  While the belief should be "sincerely held,"

13   "[a] religious belief need not be consistent or rational to be protected under Title VII,"

14   *Keene*, 2023 WL 3451687, at *2, and courts "may not . . . question the legitimacy of

15   [employees'] religious beliefs regarding COVID-19 vaccinations."  *Doe v. San Diego*

16   *Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021); *see also Gamon v. Shriners*

17   *Hosps. for Child.*, No. 3:23-cv-00216-IM, 2024 WL 641715, at *4 (D. Or. Feb. 15, 2024)

18   (finding that the Ninth Circuit's holding in *Keene* foreclosed any inquiry into the

19   sincerity of an employee's purported religious beliefs).  However, this "does not mean

20   that courts must take plaintiffs' conclusory assertions of violations of their religious

21   beliefs at face value."  *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215,

22   1223 (9th Cir. 2023); *see also Kather v. Asante Health Sys.*, No. 1:22-cv-1842, 2023 WL

23   4865533, at *5 (D. Or. July 28, 2023) ("[V]ague expressions of sincerely held Christian

24   beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment

25   obligations.").  If it is unclear whether the employee's belief is religious, under the *Africa*

26   test, three indicia can determine whether a religion exists.  *Id.* at 1032.  A religion: (1)

27   addresses "fundamental and ultimate questions having to do with deep and imponderable

28   matters;" (2) is a belief-system, comprehensive in nature; and (3) has certain recognizable

formal and external signs. *Id.*; *see also Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-cv-00206-SB, 2023 WL 7612395, at *4 (D. Or. Oct. 23, 2023) (finding that although the *Africa* case was a grant of summary judgment on a First Amendment claim, the factors still provided helpful guideposts for analyzing whether a belief was religious in nature under a Title VII framework).

Here, Plaintiff does not establish a bona fide conflicting religious belief. Plaintiff's religious exemption request is based on a "template" and alleges vague references to phrases such as "my body is a temple of the Holy Spirit," safety concerns regarding the vaccine as a "biological substance" that would "alter the design of [her] immune system" and refusal to participate in "pharmakeia," conscience-based justifications, assertions of "Constitutional" privileges, and "Christian faith" buzz words. FAC ¶ 7; McInerney Decl. ¶¶ 4–8, Exhs. B–F. A threadbare reference to her "religious beliefs" and being a "devout Christian" cannot suffice to meet this element at the motion to dismiss stage. *See Iqbal*, 556 U.S. at 678; *see also Bohlmann v. Kaiser Foundation Hospitals*, No. 3:23-CV-1322-JR, 2024 WL 2984517, at *5 (D. Or. May 16, 2024), report and recommendation adopted 2024 WL 2984498 (D. Or. June 4, 2024) ("cursorily invok[ing]" the "Christian faith" is insufficient "to identify any religious tenant or teaching that conflicts with" a COVID-19 vaccine policy); *Prida v. Option Care Enters., Inc.*, No. 5:23-CV-00905, 2023 WL 7003402, at *5 (N.D. Ohio Oct. 24, 2023) ("attempts to couch secular preferences amongst generic religious statements do not amount to a sincerely held religious belief").

For similar reasons, the Court also finds that Plaintiff fails to meet the second element of her *prima facie* case, which requires her to inform her employer of her religious belief and the conflict with her employment duty. As stated above, Plaintiff does not explain her religious beliefs, nor does she explain how practicing them conflicted with her employment duties in her exemption request. The Court also does not find Plaintiff's responses to Defendant's request for supplemental information helpful, as they are equally as conclusory. *See* Exh. E. Accordingly, the Court **GRANTS** Defendant's motion to dismiss on Claims 1 and 5.

**B.      Retaliation (Claim 4)**

Plaintiff's fourth cause of action is for discrimination in the form of retaliation, pursuant to California's FEHA.  FAC ¶¶ 54–65.

In order to establish a *prima facie* case of retaliation under FEHA, a plaintiff must show: (1) they engaged in a protected activity; (2) the employer subjected the employee to an adverse employment action; and (3) there was a causal link between the protected activity and the employer's action.  *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005).  Plaintiff argues that after she submitted her request for a religious exemption, Defendant retaliated against her by placing her on unpaid leave, refusing to engage in further discussions regarding her request, and placing her at risk for termination.  Doc. No. 12 at 26–27.

Here, Plaintiff fails to establish the causal link between her religious exemption request and alleged retaliation by Defendant.  Plaintiff alleges that Defendant placed her on unpaid leave, ignored her communications, and put her at risk for termination because of her religious exemption request.  As noted by Defendant, however, Plaintiff failed to comply with a universal policy imposed on all non-vaccinated employees.  Doc. No. 10 at 29; *see Leake v. Raytheon Techs. Corp.*, No. 23-15320, 2024 WL 1854287, at *2 (9th Cir. Apr. 29, 2024); *Weiss v. Permanente Med. Grp., Inc.*, No. 23-cv-03490-RS, 2023 WL 8420974, at *4 (N.D. Cal. Dec. 4, 2023).  Plaintiff attempts to redefine compliance by arguing that Plaintiff did in fact, make an effort to comply with the policy by submitting religious exemption requests.  Doc. No. 12 at 26.  However, Plaintiff made no efforts to comply with the vaccination requirement "neutrally imposed on all employees." *Leake*, 2024 WL 1854287, at *2.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss on Claim 4.

**C.      Disparate Impact (Claims 3 & 6)**

To establish a case of disparate impact discrimination under both Title VII and FEHA, a plaintiff must show: "1) a significant disparity with respect to employment for the protected group; 2) the existence of a specific employment practice or set of practices;

1 and 3) a causal relationship between the identified practice and the disparity." *Dunbar v.*

2 *Walt Disney Co.*, No. CV 22-1075-DMG (JCX), 2022 WL 18357775, at *2 (C.D. Cal.

3 July 25, 2022) (citing *Freyd v. Univ. of Or.*, 990 F.3d 1211, 1224 (9th Cir. 2021)).

4       Here, Plaintiff makes no factual allegations in the FAC that would support a

5 showing of disparate impact. *See* FAC ¶¶ 44–53, 79–89.  While Plaintiff is not required

6 to provide comprehensive statistical evidence at this stage of the pleadings, she must still

7 "allege specific facts from which a reasonable inference can be drawn that an

8 employment practice broadly impacts a certain group in an adverse manner—not merely

9 a single person." *Dunbar*, at *2.  Indeed, Plaintiff only alleges that she herself was

10 terminated and does not allege any facts that people outside of her unspecified protected

11 group were treated differently.  As such, the Court **GRANTS** Defendant's motion to

12 dismiss on Claims 3 and 6.

13 **D.**      **Wrongful Termination (Claim 2)**

14       The foregoing clearly resolves all of Plaintiff's claims other than her second cause

15 of action, which she has styled as a Title VII "wrongful termination" claim.  The Court

16 cannot discern any argument in Defendant's motion that is specifically directed at that

17 claim, and Plaintiff does not appear to present any counter-argument with respect to it in

18 her opposition.  Defendant does appear to lump Plaintiff's second cause of action in with

19 others targeted by the motion, but the Court does not find this sufficient.  Therefore, to

20 the extent Defendant moves to dismiss Plaintiff's second claim for wrongful termination,

21 the Court **DENIES** the motion.

22                                        **V. CONCLUSION**

23      For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part**

24 Defendant's motion to dismiss.  In addition, the Court **GRANTS** Plaintiff **leave to**

25 **amend**.  Any second amended complaint will be the operative pleading and shall be filed

26 no later than **October 23, 2024**.  Defendant must respond within the time prescribed by

27

28

1  Federal Rule of Civil Procedure 15.[3]  Any claim not re-alleged and any defendant not

2  named in the second amended complaint will be considered waived.  *See* CivLR 15.1;

3  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.

4  1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693

5  F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which

6  are not re-alleged in an amended pleading may be "considered waived if not repled").

7      **IT IS SO ORDERED**.

8  Dated:  October 2, 2024

9  _____
HON. MICHAEL M. ANELLO

10  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  [3] In addition, the Court notes that the second amended complaint must be accompanied by a version of
that pleading that shows—through redlining or similar method—how that pleading differs from the

28  previously dismissed pleading.  *See* CivLR 15.1.c.